UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELINE S. MADONDO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:18-cv-0456 |
| | )   CHIEF JUDGE CRENSHAW |
| SMYRNA POLICE DEPARTMENT and | ) |
| POLICE OFFICER R. EDWARDS, | ) |
| Badge # 1004, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM**

Angeline Madondo has filed a *pro se* Complaint (Doc. No. 1) against defendants Smyrna Police Department and Smyrna Police Officer R. Edwards, asserting claims based on alleged violations of her constitutional rights. Because she proceeds *in forma pauperis*, the complaint is before the Court for an initial review under 28 U.S.C. § 1915(e).

**I.    Legal Standard**

The Court is required to conduct an initial review of any *in forma pauperis* complaint and to dismiss any portion of it that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

In conducting this review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citation omitted). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by

lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

## II. Factual Allegations

Plaintiff alleges that she was aggressively and unnecessarily assaulted by Smyrna Police Officer R. Edwards, Badge # 1004, during the course of an arrest for driving under the influence, on January 3, 2018. She claims that she had already suffered a broken leg prior to the incident, but, as a result of the malicious assault by Officer Edwards, her injury was exacerbated and required surgery. She seeks compensation for pain and suffering, as well as for the permanent disability and disfigurement of her right foot and leg, and reimbursement for all costs associated with her treatment. Although she asserts that she is innocent of the drunk-driving charge against her, she does not actually allege that she was arrested without probable cause or that she suffered any violation of her Fourth Amendment rights other than through being subjected to the use of excessive force. She nonetheless demands that the criminal charges against her be dropped and that she be reimbursed for all costs associated with her arrest.

The Complaint does not contain any allegations regarding the official actions or policies of the Smyrna Police Department or the effect of these on the officer's actions. In her prayer for relief, Plaintiff states that she would "like Smyrna Police Department to be held responsible for this traumatic incident as well as the pain and suffering." (Doc. No. 1, at 3.) She further requests that all cases in which Officer Edwards was involved be reopened and evaluated to verify whether other innocent people have been victimized by his "gruesome misconduct." (*Id.*)

## III. Legal Analysis

### A. Excessive Force Claim Against Officer Edwards

Plaintiff asserts that her constitutional rights have been violated. Because 42 U.S.C. § 1983 provides a civil cause of action for the violation of constitutional rights, the Court liberally

construes the complaint as bringing claims under § 1983.

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish "(1) that [the] defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). The rights of a person who suffers the use of unreasonable force during the course of an arrest are protected by the Fourth Amendment, which guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV; see also Graham v. Connor, 490 U.S. 386, 395 (1989) (holding that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard").

The Complaint states a colorable claim against Officer Edwards under § 1983 based on the use of unreasonable force, as it alleges facts that, if true, could establish that Officer Edwards, as a police officer, was a person acting under color of state law and that he violated Plaintiff's Fourth Amendment rights. Moreover, because the excessive force claim apparently has no bearing on the validity of the pending state charges against the plaintiff for driving under the influence, there is no need refrain from exercising jurisdiction or to stay the claims under the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971).

### B. Claim Against Smyrna Police Department

The Court construes the claims against the Smyrna Police Department, a division of the town of Smyrna, as brought against the municipality itself. A municipality or other local governmental entity is considered a "person" under § 1983 and may be held liable for its actions in depriving a plaintiff of her federal rights. Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S.

3

658, 694 (1978)). A municipality will not be liable, however, simply because it employs the alleged unlawful actor. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under the theory of *respondeat superior*."). Instead, "liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 648 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 254–55 (6th Cir. 2010)). That is, "[u]nder § 1983, local governments are responsible only for their own illegal acts" and will not be held vicariously liable for the actions of their employees. D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014) (citation omitted). Because municipalities do not incur *respondeat superior* liability under § 1983, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen" to avoid dismissal under Rule 12(b)(6). Bright v. Gallia Cnty., 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted).

The Complaint does not contain any facts suggesting that Officer Edwards' alleged use of excessive force resulted from a custom or policy of Smyrna. Instead, Plaintiff indicates only that she wants the Smyrna Police Department to be vicariously liable for the injuries caused by Edwards. Because Plaintiff does not allege any facts suggesting that a policy or custom adopted by the police department or the city of Smyrna caused the violation of her constitutional rights. The claims against the Smyrna Police Department will be dismissed for failure to state a claim for which relief may be granted.

C.  **Other Claims for Relief**

To the extent Plaintiff seeks injunctive relief in the form of dismissal of the charges

4

against her as a remedy for the use of excessive force, this form of relief is not available in the context of an action under 42 U.S.C. § 1983. Accord Maps v. Miami Dade State Attorney, 693 .F App'x 784, 786–87 (11th Cir. 2017) ("It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." (quoting Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)), cert. denied, 138 S. Ct. 450 (2017), reh'g denied, 138 S. Ct. 1046 (2018).

Plaintiff's allegations to reopen other cases in which Officer Edwards was involved, fail because Plaintiff lacks standing to seek redress for any injury allegedly suffered by third parties; she can only assert her own legal rights. See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." (internal quotation marks and citation omitted)). Any such claims are therefore subject to dismissal without prejudice for lack of subject-matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998) (describing standing as "threshold jurisdictional question").

**III. Conclusion**

Plaintiff's Fourth Amendment excessive force claim against Officer Edwards will be allowed to proceed but all other claims, including all claims against the Smyrna Police Department will be dismissed.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE