IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGELINE SHORAYI MADONDO )
    Plaintiff, )
)
v. ) Civil No. 3:18-cv-00456
) Chief Judge Crenshaw/Frensley
POLICE OFFICER R. EDWARDS )
Badge #1004 )
    Defendant. )

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Second Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order. Docket No. 27. The pro se Plaintiff has failed to respond to the Motion. For the reasons stated herein, the undersigned recommends that the Defendant's Second Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order (Docket No. 27) be GRANTED.

The Plaintiff filed this pro se Complaint (Docket No. 1) against the Smyrna Police Department and Officer R. Edwards alleging violations of her constitutional rights during an arrest for driving under the influence on January 3, 2018. The Court conducted an initial review of the complaint granting Plaintiff's application to proceed without prepaying fees or costs; dismissing her claim against the Smyrna Police Department; and directing process to issue for Officer R. Edwards of the Smyrna Police Department. Docket No. 5. The action was referred to the undersigned to enter a scheduling order and for management of the case, to dispose or recommend disposition of any pretrial motions and conduct further proceedings as necessary. *Id.*

Following the entry of a scheduling order, discovery commenced and on November 18, 2018, Defendant filed a motion to compel the Plaintiff to answer certain interrogatories and

requests for production of documents. Docket No. 17. The Motion indicated that in spite of acknowledging receipt of written discovery, Plaintiff failed to fully comply with the Federal Rules of Civil Procedure by providing only partial responses approximately three weeks overdue and not sworn to under oath. *Id.* Plaintiff thereafter failed to respond to any request from Defendant's counsel to supplement discovery responses in a manner required by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Id.*

Plaintiff did not respond to the Defendant's Motion to Compel and the Court granted the Motion. Docket No. 18. Plaintiff was directed to fully respond to each of the Defendant's written discovery requests as required by the Federal Rules of Civil Procedure and the Court's scheduling order. *Id.* Specifically, the Court included the following language:

> Plaintiff is forewarned that failure to comply with the Rules of Civil Procedure and this Court's Orders may result in sanctions up to and including dismissal of her action. Plaintiff shall respond to Defendants' discovery requests on or before December 21, 2018.

*Id.*

On January 7, 2019, the Defendant filed a motion to dismiss for lack of prosecution and failure to comply with court order. Docket No. 20. In that motion they alleged that the Plaintiff was "uncooperative throughout the discovery process and unwilling to advance this case." Docket No. 20. They further asserted that the Plaintiff failed to respond to Defendant's discovery requests on or before the December 21, 2018 deadline required by the Court's Order. *Id.* They thereafter asked that the Court dismiss this action for failure to prosecute under Fed. R. Civ. P. 41(b). *Id.*

The undersigned filed a Report and Recommendation concluding that the Court should grant Defendant's Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order. Docket No. 23. After the Report and Recommendation was filed, Plaintiff filed a "Motion to Deny Dismissal of This Court's Order and Request More Time to Acquire or Seek New

Counsel." Docket No. 24. In that motion, Plaintiff asserted that she had cooperated with discovery, indicated that she would respond to Defendant's discovery "in due course" and sought more time to obtain counsel. *Id.* In light of Plaintiff's motion, the Court set aside the Report and Recommendation and granted Plaintiff 40 days from the date of the order to retain counsel and fully respond to the discovery requests. Docket No. 26. The Court further admonished Plaintiff that "**failure to comply may result in sanctions up to and including dismissal of this action.**" Docket No. 26. (emphasis added in original).

The Defendant has now filed the instant Second Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order after more than 40 days has passed since the entry of the Court's order. Docket No. 27. Defendant indicates that as of the filing of the motion on June 26, 2019, Defendant has made repeated attempts to communicate by email and U. S. mail with the Plaintiff which have gone unanswered. No attorney has entered an appearance on behalf of Plaintiff nor has she made defense counsel aware if she has retained counsel and importantly; Plaintiff has still not responded to the Defendant's First Set of Interrogatories and Request for Production of Documents which were sent on August 3, 2018. *Id.* Defendant argues that dismissal is appropriate in light of Plaintiff's failure to respond to discovery requests issued more than 10 months ago and the Court's repeated orders directing her to respond and advising her of the consequences of failing to do so. *Id.*

## ANALYSIS

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

3

Case 3:18-cv-00456   Document 28   Filed 07/23/19   Page 3 of 6 PageID #: 119

relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the Plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.*

4

Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. C. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Although Defendant sent her written discovery, Ms. Madondo has failed to respond to those discovery requests. This is true even after the Court's Order compelling her to do so twice. Further, Ms. Madondo has failed to respond to this Motion, which, pursuant to this District's Local Rules, "indicate[s] that there is no opposition to the motion." L. R. 7.01(b). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," the Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. Given her representations that she was aware of her obligation to respond to the discovery requests and would do so "in due course," it is clear that her failure to prosecute this action is willful. Given the lengthy delay resulting from Plaintiff's failure to participate in the litigation and scheduling order in this matter including the trial date of August 27, 2019, the Defendant's have clearly been prejudiced by the Plaintiff's conduct. The Plaintiff has been given ample opportunity to cure the defects and specifically advised on two occasion that her failure to cooperative and failure to comply with the Court's orders could lead to dismissal.

5

Case 3:18-cv-00456    Document 28    Filed 07/23/19    Page 5 of 6 PageID #: 121

Given all this and the Court's previous leniency, no other further less drastic sanction would be appropriate in this case.

For these reasons, the undersigned recommends that the Defendant's Second Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order (Docket No. 27) be GRANTED and this action be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U. S. C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**

6

Case 3:18-cv-00456    Document 28    Filed 07/23/19    Page 6 of 6 PageID #: 122