# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ANGELINE SHORAYI MADONDO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-00456** |
| | ) | |
| **POLICE OFFICER R. EDWARDS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is a Report and Recommendation from Magistrate Judge Frensley that recommends the Court grant Defendant's Second Motion to Dismiss for lack of prosecution and failure to comply with court order (Doc. No. 27). No objections have been filed.

The tortured history of this matter is amply set forth by the Magistrate Judge in the Report and Recommendation. (See id. at 1-3.) As explained there, Plaintiff has repeatedly failed to participate in the prosecution of this action and has disobeyed multiple court orders. (Id.) The Magistrate Judge previously recommended dismissal of this action on these same grounds, but at the eleventh hour Plaintiff requested additional time to secure counsel. Out of an abundance of caution, the Court granted Plaintiff 40 days to secure counsel and obey court orders to comply with outstanding discovery requests. As the Magistrate Judge now explains, Plaintiffs has not secured counsel since that time, has been completely non-responsive, and has not complied with court orders to respond to discovery. Defendant again asks to be freed from this year-long litigation.

Courts generally consider four factors when determining whether to dismiss a case under Rule 41: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. Hall v. City of Williamsburg, 768 F. App'x 366, 380 (6th Cir. 2019) (citing Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001)). However, none of the four factors are "outcome dispositive." Id. (citing Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)). Instead, we "focus on whether 'there [was] a clear record of delay or contumacious conduct.'" Id.

The record here, as explained by the Magistrate Judge, shows that Plaintiff has been willfully and in bad faith defiant of the most basic requirements of the discovery process, and has disobeyed related court orders, with the result of unfairly wasting Defendant's time and money. This has culminated in Plaintiff's total disregard of a unique final opportunity afforded to her by the Court after the Magistrate Judge first recommended dismissal of this case. Plaintiff has been expressly warned on two occasions of the potential consequences of his behavior, up to and including the possibility of dismissal, and has chosen to ignore those warnings. The Court agrees with the Magistrate Judge that all factors weigh in favor of dismissing this case. The Court attempted to give Plaintiff the benefit of the doubt, but Plaintiff has simply ignored instructions and provided no explanation for her contumacious behavior. See Universal Health Group v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (affirming dismissal against party whose "conduct violated the rules of civil procedure and common courtesy alike").

Given Plaintiff's behavior, under Federal Rule of Civil Procedure 41, the Court "has discretion to dismiss th[is] case and [i]s not required to impose a penalty short of dismissal." Hall, 768 F. App'x at 381 (citing Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)). For the reasons discussed in the Report and Recommendation and herein, the Court agrees with the Magistrate Judge that the most appropriate disposition of this case is dismissal with prejudice

under Rule 41. Accordingly, the Report and Recommendation (Doc. No. 28) is **APPROVED AND ADOPTED**. Defendant's Motion to Dismiss (Doc. No. 27) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41.

This is a final order. The Clerk shall close the file. The trial scheduled for August 27, 2019 is **CANCELED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE